**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

JOHN A. BURGOS, :
: Civ. Action No. 17-2317 (RMB)
    Plaintiff, :
:
  v. : **MEMORANDUM AND ORDER**
:
:
CAMDEN COUNTY SHERIFF DEP'T., :
:
    Defendant. :
:

    Plaintiff John A. Burgos, a pretrial detainee confined in Camden County Correctional Facility, in Camden, New Jersey, submitted to this Court a "Notice of Tort Claim Against a Public Entity. (ECF No. 1.) If Plaintiff intends to file a tort claim against Camden County Sheriff's Department, he has submitted his notice to the wrong governmental unit. Pursuant to the New Jersey Tort Claims Act ("NJTCA"), the Notice of Tort Claim must be "deliver[ed] or mail[ed] [by] certified mail to the office of the Attorney General or the office of the State agency allegedly involved in the action." It may also be delivered to or mailed by certified mail to the local public entity [here the Camden County Sheriff's Department].

    If Plaintiff intended to bring a civil rights action in this Court under 42 U.S.C. § 1983, he must either pay the

$400.00 filing fee or submit a properly completed application to proceed without prepayment of fees ("*in forma pauperis*" or "IFP application"), pursuant to 28 U.S.C. § 1915.

The Prison Litigation Reform Act of 1995 (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action *in forma pauperis*. Under the Act, a prisoner bringing a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. Id.

The entire fee to be paid in advance of filing a civil complaint is $400. That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400. A prisoner who is granted *in forma pauperis* status will, instead, be assessed a filing fee of $350 and will not be responsible for the $50 administrative fee. If *in forma pauperis* status is denied, the prisoner must pay the full $400, including the $350 filing fee and the $50 administrative fee, before the complaint will be filed.

If the prisoner is granted *in forma pauperis* status, the prisoner must pay the full amount of the $350 filing fee. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the Court dismisses the case for any of these reasons, the Act does not permit the prisoner to get his filing fee back.[1]

I. STANDARDS FOR DISMISSAL

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint

---

[1] This Court's conclusive screening of Plaintiff's claims is reserved until he files a complaint and pays the filing fee or obtains in forma pauperis status. See Izquierdo v. New Jersey, 532 F. App'x 71, 72-73 (3d Cir. July 25, 2013) (district court may decide whether to dismiss the complaint under 28 U.S.C. § 1915(e)(2) after leave to proceed IFP is granted).

3

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.)

"[A] court must accept as true all of the allegations contained in a complaint." Id. A court need not accept legal conclusions as true. Id. Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

    A.    The Complaint

4

Plaintiff alleges excessive force was used against him by officers of the Camden County Sheriff's Fugitive Unit on October 18, 2016, causing him to suffer abrasions and a broken left heel. (Notice, ECF No. 1.) It appears that Plaintiff wishes to bring a claim under the New Jersey Tort Claims Act, but not only does he first have to file his Notice of Claim with the appropriate state agency or local public entity, this Court lacks jurisdiction over a state law claim where no federal claims are also presented, unless there is diversity of citizenship between parties. See 28 U.S.C. §§ 1331; 1332.

B.  Section 1983 claims

Although Plaintiff did not assert any federal claims in the form he submitted to this Court, a plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the

5

Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

A sheriff's department is not a "person" subject to liability under § 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Jackson v. City of Erie Police Dep't, 570 F. App'x 112, 114 (3d Cir. 2014). If Plaintiff wishes to bring a § 1983 claim, he must choose another defendant. The proper defendant for a claim against a sheriff's department is the municipality itself. Jackson, 570 F. App'x at 114 n. 2. To state a claim against a municipality, a plaintiff must allege an unconstitutional policy or custom that resulted in injury to the plaintiff. See Monell v. Dep't of Social Servs. New York City, 436 U.S. 658, 690 (1978) ("although the touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights local governments . . . may be sued . . . pursuant to governmental "custom" even though such a custom has not received formal approval . . .")

**IT IS** therefore on this **9th** day of **May 2017**,

**ORDERED** that the Clerk of the Court shall administratively terminate this case without filing the complaint or assessing a

6

filing fee; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, see Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 84 n.2 (2013) (describing prisoner mailbox rule generally); Dasilva v. Sheriff's Dept., 413 F. App'x 498, 502 (3rd Cir. 2011) ("[The] statute of limitations is met when a complaint is submitted to the clerk before the statute runs …."); and it is further

**ORDERED** that the Clerk of the Court shall send Plaintiff a blank form application to proceed *in forma pauperis*, and a blank form prisoner civil rights complaint; and it is further

**ORDERED** that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Room 1050, Camden, NJ 08101, within 30 days of the date of entry of this Order; Plaintiff's writing shall include either (1) a complete, signed *in forma pauperis* application, including a certified six-month prison account statement, or (2) the $400 fee including the $350 filing fee plus the $50 administrative fee; and a complaint; and it is further

**ORDERED** that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either a complete *in forma pauperis* application or payment of the filing and administrative fees within the time allotted by this Court, and a complaint, the Clerk of the Court will be directed to reopen this case; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge